# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CR00017 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RICHARD CLEVELAND BRADY,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, convicted by a jury of numerous counts of mailing threatening communications, has moved for judgment of acquittal as to three of the counts. For the reasons stated in this opinion, I will grant the motion.

I

Richard Cleveland Brady was charged in Counts Four and Five of the indictment with mailing threatening communications with the intent to extort something of value and in Count Nine of the indictment with otherwise mailing a threatening communication. 18 U.S.C.A. § 876(b), -(c) (West 2000 & Supp. 2007). At the conclusion of government's evidence at trial, the defendant moved for

judgment of acquittal as to these charges and I reserved decision on the motion pursuant to Federal Rule of Criminal Procedure 29(b). Thereafter, the jury convicted the defendant of all counts, thus requiring that I now decide the motion based on the evidence at the time the ruling was reserved. *See* Fed. R. Crim. P. 29(b).[1]

The motion has been argued and briefed and is now ripe for decision.

II

The government's case at trial showed the following facts with respect to Counts Four, Five, and Nine. The defendant was an inmate at the Red Onion State Prison in Wise County, Virginia. The communications at issue were in envelopes marked "legal mail" and had been placed by the defendant on the food tray of his prison cell. These envelopes were then picked up by prison employees and taken to the prison mail room. Evidence presented at trial established that it was prison employees, rather than Postal Service employees, who intercepted these communications in the prison mail room. No evidence was presented as to the typical use of the mail room—specifically, whether Postal Service employees entered the prison mail room to collect and deliver mail or whether prison employees were

---

[1] The jury also convicted the defendant of threatening the President, and of seven other counts of mailing threatening communications, but those convictions are not at issue in the present motion.

-2-

Case 2:07-cr-00017-JPJ-PMS   Document 38   Filed 01/16/08   Page 2 of 6   Pageid#: 119

responsible for going elsewhere to pick up and drop off prison mail. As these communications were intercepted and confiscated within the institution, they were never delivered by the Postal Service.

### III

The defendant's convictions must be sustained if, viewed in the light most favorable to the government, there was substantial evidence to support them. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In the context of a criminal conviction, the Fourth Circuit has defined substantial evidence as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, the court does not review the credibility of the witnesses, but assumes that the jury resolved all contradictions in testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

Arguing for a judgment of acquittal, the defendant contends that there was insufficient evidence for the jury to find that the threatening communications at issue had been deposited in an "authorized depository for mail matter" as required for

conviction under the statute.[2] Section 876 does not define the term "authorized depository," but postal regulations define this term with respect to other mail-related offenses as "every letterbox or other receptacle intended or used for the receipt or delivery of mail on any city delivery route, rural delivery route, highway contract route, or other mail route." U.S. Postal Service, *Domestic Mail Manual* § 508.3.1.1, *incorporated by reference*, 39 C.F.R. § 111.1 (2007).

Likewise, most of the case law discussing authorized depositories does so outside of the context of § 876. The defendant points to two prior cases involving inmates mailing threatening letters from prison, *United States v. Shapiro*, 383 F.2d 680 (7th Cir. 1967), and *United States v. Kendrick*, 367 F.2d 632 (9th Cir. 1966). However, in both *Shapiro* and *Kendrick*, prison authorities never intercepted the threatening communications and these were ultimately delivered by the Postal

---

[2] Conviction under either § 876(b) or (c) requires that the defendant "knowingly deposits in any post office or authorized depository for mail matter . . . or knowingly causes to be delivered by the Postal Service" the threatening communications at issue. § 876(a). While the plain wording of the statute suggests that there could be no conviction if the threatening communication was neither deposited in the mail by the defendant himself nor actually delivered by the Postal Service, as the Seventh Circuit explained in *United States v. Shapiro*, 383 F.2d 680, 682 (7th Cir. 1967), there is no legal difference between the defendant depositing such a communication in the mail himself and the defendant making prison employees his agents to deposit the communication for him. *Id.* (citing *Sutton v. United States*, 79 F.2d 863, 865 (9th Cir. 1935), and 18 U.S.C.A. § 2(b)). Thus, as here, where the defendant was incarcerated and could not have deposited the threatening communication in the mail himself and the communication was intercepted before delivery, the issue becomes whether the communication was ever deposited by prison employees at a post office or in an authorized depository for mail matter.

-4-

Service, making it unnecessary to discuss the contours of what constitutes an authorized depository. *Shapiro*, 383 F.2d at 682; *Kendrick*, 367 F.2d at 633.

The government contends that I should rely on cases involving other mail-related offenses that have held mail rooms to be authorized depositories. In *United States v. Cochran*, 646 F. Supp. 7 (D. Me. 1985), a university student life office was deemed an authorized depository within the context of § 1708 because it was the place where the Postal Service customarily dropped off all student mail.[3] *Id.* at 11-12. Similarly, in *United States v. Daughtry*, 639 F.2d 818 (D.C. Cir. 1981), the House of Representatives Post Office, where the Postal Service delivered congressional mail to be sorted and further distributed by House employees, was held to be an authorized depository. *Id.* at 19.

Even viewed in the light most favorable to the government, there was not sufficient evidence that the threatening communications at issue were ever deposited in an authorized depository. While *Cochran* and *Daughtry* demonstrate that institutional mail rooms can be authorized depositories if used by the Postal Service for the receipt or delivery of institutional mail, the government provided no evidence

---

[3] The government also relies on *United States v. Brusseau*, 569 F.2d 208 (4th Cir. 1977), to argue that a mail room is an authorized depository for mail matter. This case focuses on the meaning of an "authorized agent" in the context of mail delivery under § 1702 and does not explicitly discuss what constitutes an "authorized depository." *Id.* at 209.

-5-

to show how the prison mail room is typically used.  Because of the lack of any evidence that Postal Service employees typically enter the prison facility to collect or deliver mail from the prison mail room, there is insufficient evidence for a reasonable finder of fact to determine that the mail room is indeed an "authorized depository for mail matter" as required to sustain the convictions on Counts Four, Five, and Nine.

## IV

For the reasons stated, it is **ORDERED** as follows:

1. The defendant's Motion for Judgment of Acquittal is GRANTED; and

2. The defendant is acquitted of Counts Four, Five, and Nine of the Indictment.

ENTER: January 16, 2008

/s/ JAMES P. JONES
Chief United States District Judge

-6-

Case 2:07-cr-00017-JPJ-PMS   Document 38   Filed 01/16/08   Page 6 of 6   Pageid#: 123